**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**STANLEY H. NUZZI,**                                                                       **PLAINTIFF,**

**v.**                                                    **CASE NO. 2:17-CV-2018**

**USA TRUCK, INC.,**                                                                       **DEFENDANT.**

**DEFENDANT'S REPLY BRIEF**
**IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant USA Truck, Inc. will make three general points in reply to Plaintiff's Response

to Defendant's Motion for Summary Judgment.  First, however, Defendant notes that Plaintiff did

not attempt to controvert any of the statements of material fact made and supported by Defendant

in its Statement of Undisputed Material Facts (Doc. 10).  Therefore, under Local Rule 56.1(c), the

Court should accept Defendant's statements of material fact as established for the purpose deciding

Defendant's Motion for Summary Judgment.

I.        USA Truck did not perceive Plaintiff as disabled.

Plaintiff states in his Response that "he is and was perceived as disabled under the ADA[,]

and that he has had negative employment consequences from the perception of his disability and

once he filed a claim of discrimination" (Doc. 12, p. 1).  In his Complaint Plaintiff does not state

a claim based on perceived disability, but even if he had, that cause of action would have failed as

a matter of law for at least three reasons.  First, there is no evidence that USA Truck perceived

Plaintiff as impaired, which is a necessary prerequisite to a perceived disability claim.  The

ADAAA, which relaxed the standards previously applied to perceived disability claims, states:

> An individual meets the requirement of "being regarded as having such an impairment" if
> the individual establishes that he or she has been subjected to an action prohibited under

1

this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3)(A).   So, to prevail, Plaintiff must produce evidence that USA Truck perceived him as having an impairment and took action against him on that basis.  However, there is no evidence USA Truck ever perceived Plaintiff as having an impairment limiting in some manner his ability to do his job.  The company did accommodate Plaintiff, but it did so because he occasionally needed time off work for medical monitoring, not because he had difficulty doing his job.  This was an accommodation for a personal need, not for a disability, or even an impairment. The undisputed evidence shows that USA Truck believed (and believes) that Plaintiff could fully perform his job duties, and he has always been required to do so.  Plaintiff has produced no evidence to the contrary, so there is no evidence upon which to find that USA Truck perceived Plaintiff as physically or mentally impaired.

Second, Plaintiff's MVP symptoms, considered objectively, are not sufficiently severe to be perceived by anyone as constituting an impairment for the purpose of perceived disability.  The EEOC's regulations under the ADAAA state that:

> Being regarded as having such an impairment as described in paragraph (l) of this section … means that the individual has been subjected to an action prohibited by the ADA as amended because of an actual or perceived impairment that is *not both "transitory and minor."*

42 C.F.R. § 16302(g)(1)(iii)(emphasis added).  Plaintiff's actual symptoms from MVP are both transitory and minor.  He testified he believes he "occasionally" sleeps longer than usual as a result of the MVP, and he experiences occasional, transitory bouts of "weakness" and "shortness of breath," which he also attributes to MVP (Ex. 2, pp. 180, 183-184).  And he claims his mitral valve "flutters" in stressful situations, but this resolves if he takes Aleve, eats something, and lays down (Ex. 2, pp. 185-186).  Those are his only symptoms, and he generally testified his MVP has had

virtually no impact on his activities of daily life.  On this evidence, no reasonable person would consider Plaintiff to have more than transitory and minor symptoms, especially where it is undisputed those symptoms do not interfere in any way with his ability to drive a commercial motor vehicle (Ex. 2, pp. 186, 192).  For this reason, USA Truck could not have – as a matter of law – perceived Plaintiff as having an impairment sufficiently severe to support a perceived disability claim.

Finally, even assuming Plaintiff had a sufficiently severe impairment, USA Truck took no adverse employment action against him that would support a perceived disability discrimination claim.  Proof of an adverse action is required to support such a claim:

> [A]n individual is "regarded as having such an impairment" any time a covered entity takes a prohibited action against the individual because of an actual or perceived impairment[.]

42 C.F.R. § 16302(l)(2).  As argued in Defendant's opening brief, Plaintiff suffered no adverse employment action at Defendant's hands.  From Plaintiff's date of hire until September 2015, he was an over-the-road truck driver, then in September 2015 (well after his MVP diagnosis) he was transferred to a dedicated route, which resulted in a substantial mileage rate increase (Def.'s Brief, pp. 20-21).  While driving that dedicated route, Plaintiff saw his total pay increase dramatically in 2016 (and this has continued into 2017) (Id.).  Far from being harmed, Plaintiff has benefitted substantially from USA Truck's efforts to accommodate his personal medical needs.  He suggests in his Response that he suffered adverse employment actions when he allegedly lost $400-$600 each time he attended a medical appointment and when he was once charged a cancellation fee by his doctor (Doc. 12, p. 3), but those losses resulted from Plaintiff's medical needs, not from actions taken by USA Truck on the basis of his alleged disability.  So even if Plaintiff was perceived as having an impairment, he has produced no evidence USA Truck took any adverse action against

him because of it.  His alleged perceived disability claim should be dismissed because he never stated that claim in his Complaint, and because even if he had, it would have failed as a matter of law on the evidence presented.

II.   <u>Plaintiff has not shown that USA Truck engaged in bad faith in the interactive accommodation process.</u>

Plaintiff also argues that USA Truck failed to engage him in the interactive accommodation process (Doc. 12, pp. 2-3).  While a total failure to engage in this way is not a violation of the ADA *per se*, it can be *prima facie* evidence that the employer failed to act in good faith, which is an element of a failure-to-accommodate claim.  <u>Orr v. City of Rogers</u>, 232 F.Supp.3d 1052, 1061 (W.D. Ark. 2017).  But we never reach that point because Plaintiff's assertion that USA Truck failed to engage him in the accommodation process is flatly contrary to the evidence.

In 2014, the year Plaintiff was diagnosed with MVP, he was able to get home to Dothan for testing without issue (Ex. 2, pp. 179, 230-231).  Then, in early 2015 he missed two appointments due to his work obligations, at which point a request for accommodation became appropriate (assuming he had a disability) (Ex. 2, pp. 227-228, 230-231).  Plaintiff's counsel and USA Truck then exchanged letters on the subject, with USA Truck's Human Resources Manager assuring Plaintiff that the company would work to accommodate his need to be off work for appointments (Ex. 1, ¶ 13; Ex. 2, pp. 227, 232, dep. ex. S, T).  To all appearances this worked fine for a while, then in September 2015 Plaintiff again had difficulty getting home for appointments, at which point USA Truck – on its own initiative – transferred him to the dedicated route, and it is undisputed it did so *with the express purpose* of making it easier for Plaintiff to get home for appointments (Ex. 1, ¶ 14; Ex. 2, pp. 61-62, 81, 238-239).  Plaintiff now admits that for the most part this transfer has worked as intended (Ex. 2, p. pp. 111-112, 238).  Plaintiff's assertion that

USA Truck has failed to engage him in the accommodation process utterly ignores this undisputed evidence.  The company did engage Plaintiff in the accommodation process, and it accommodated his personal needs despite his lack of actual disability.  Since USA Truck did in fact engage Plaintiff in the accommodation process, he is obligated to produce affirmative evidence showing the company lacked good faith in that process.  He fails to do so, and his disability discrimination claims should be dismissed as a matter of law.

> USA TRUCK, INC., Defendant
>
> Joseph F. Gilker, Ark. Bar No. 85219
> GILKER AND JONES, P.A.
> 9222 North Highway 71
> Mountainburg, Arkansas 72946
> Telephone: (479) 369-4294
> E-mail:  gilkerlaw@aol.com
>
> By: /s/Joseph F. Gilker
>       Joseph F. Gilker

## CERTIFICATE OF SERVICE

I, Joseph F. Gilker, hereby certify that I have served a true and correct copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT by filing same with the Court using the CM/ECF system, which will serve electronic notice of filing on the following individual, this 1st day of November, 2017.

Patrick L. Doman
LAW OFFICE OF PATRICK L. DOMAN
285 S. Foster Street
Dothan, Alabama 36301

> /s/Joseph F. Gilker
> Joseph F. Gilker